UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** *as Trustee for Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2*, <br>            **PLAINTIFF** <br><br> v. <br><br> **CYNTHIA POOLER AND BRUCE H. POOLER,** <br>            **DEFENDANTS** | **CIVIL NO. 1:17-CV-115-DBH** |

**ORDER ON DEFENDANTS' REQUEST FOR ENTRY OF DEFAULT**

This case has become unnecessarily procedurally complex.

The defendants requested the Clerk to enter default on their counterclaims against the plaintiff because the plaintiff failed to file an Answer to the counterclaims. The defendants properly filed an Affidavit showing that failure. Under the Rules, default should have been entered at that point: "the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). But the Clerk's Office mistakenly failed to enter the default. Instead, the Clerk's Office allowed the time to run as if the request was an ordinary motion. The plaintiff then filed an "Opposition to Defendant's Motion for Entry of Default," claiming inadvertence and arguing that the counterclaims were subject to dismissal under Rule 12(b)(6), and that even if default were entered, and the counterclaims' alleged facts were therefore deemed true, the defendants were not entitled to the

relief the counterclaims requested. The defendants next replied, arguing that default should have been entered, that they were not required to respond to the plaintiff's merits arguments at this point, and that it is the plaintiff's burden to show good cause to remove the default.

The defendants are clearly correct in their procedural arguments. The Clerk's Office should have entered default upon receiving the Affidavit. Once default was entered, according to the Rule "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The burden is on the defaulted party (here the plaintiff) to show good cause. In re Game Tracker, Inc., 746 F. Supp. 2d 207, 217 (D. Me. 2010). Had the Clerk's Office properly entered the default, the plaintiff would have been required to file a motion to set aside the default, not the same thing as a motion to dismiss.

But I am not going to prolong the procedural wrangling. I treat the default as having been entered, and the plaintiff's "Opposition" as a motion to set aside the default. I have said in a previous case that "[t]he phrase 'good cause' is liberally construed," and that "[t]here is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors," "typically" including:

> (1) whether the default was willful;
> (2) whether setting it aside would prejudice the adversary;
> (3) whether a meritorious defense is presented;
> (4) the nature of the defendant's explanation for the default;
> (5) the good faith of the parties;
> (6) the amount of money involved; and
> (7) the timing of the motion to set aside the entry of default.

Id.

The plaintiff has not given me much to go on with respect to these factors, but several of them are obvious. There is no suggestion the default was (1) willful; instead, the plaintiff's explanation (4) is that it was "due to an internal scheduling error by Plaintiff's Counsel," Opp'n to Def.'s Mot. (ECF No. 27) at 1, and the defendants do not contest that assertion. The defendants have not alluded to (2) more than minor prejudice[1] in setting default aside. The plaintiff has (3) presented meritorious defenses, although I do not determine at this time whether they are *winning* defenses. There is no suggestion of (5) bad faith on either side. The counterclaims seek actual and statutory damages, costs and attorney fees under both state and federal statutes, which could be (6) substantial. The Opposition, which I am treating as a motion to set aside, was (7) timely, being filed within the ordinary deadline for responding to a motion, and not a lot of time has passed overall. (According to the defendants' Affidavit, the plaintiff's Answer was due 21 days after April 26, 2017—*i.e.*, May 17, 2017; the defendants requested default on July 14, 2017, and the plaintiff opposed it on August 4, 2017.)

Under the "liberally construed" standard, I conclude that there is good cause to set aside the default. It is best for these counterclaims to be resolved on their merits. But I also conclude that the plaintiff's attempt at a Rule 12(b)(6) motion to dismiss is not properly before me and that the defendants were entitled not to respond to it on the merits.

---

[1] They say that the plaintiff should have the burden to establish its entitlement to relief from default, Defs.' Reply (ECF No. 28) at 4, and I am assigning the plaintiff that burden. They also say that denying the entry of default would put their counterclaims in procedural limbo, id., but I have removed that limbo by ordering the plaintiff to respond to their counterclaims within 21 days.

3

Accordingly the request to enter default is **GRANTED**, and the plaintiff's Opposition, treated as a motion to remove the default, is **GRANTED**. The plaintiff shall now respond to the counterclaims in accordance with the Rules and within 21 days.

**SO ORDERED.**

**DATED THIS 22ND DAY OF AUGUST, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**